UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **WEAVER & JACOBS CONSTRUCTORS, INC.** | § § | |
| *Plaintiff*, | § § | |
| VS. | § § | CIVIL ACTION NO. 6:17-CV-5 |
| **AMERISURE INSURANCE COMPANY** | § § § § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Weaver & Jacobs Constructors, Inc. ("W&J") and files this Original Complaint against Defendant Amerisure Insurance Company ("Amerisure"). W&J respectfully would show this Court the following:

## I.
## PARTIES

1. Plaintiff W&J is a Texas company with its principal place of business in Cuero, Texas.

2. Amerisure Insurance Company is an insurance company organized under the laws of Michigan and has its principal place of business in Farmington Hills, Michigan. Amerisure is authorized to and does conduct insurance business throughout the State of Texas. A request for issuance of a Summons for Amerisure has been filed contemporaneously with this Complaint.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2). In that regard, Amerisure is an entity subject to the court's personal jurisdiction in this district with respect to the civil action in question. More specifically, Amerisure issued the insurance policy in question to W&J at its office in Cuero, Texas. In addition, a substantial part of the events and acts or omissions giving rise to these claims occurred in this District within the meaning of 28 U.S.C. § 1391(b)(2) as the construction project is located within Victoria, Texas.

## III.
## FACTUAL BACKGROUND

**A. The Policy**

5. W&J is the "Named Insured" on a commercial general liability insurance policy issued by Amerisure, bearing policy number CPP 2035711 and effective March 15, 2013 to March 15, 2014 (the "Policy").

6. The Policy has a $1,000,000 Each Occurrence Limit of Insurance, subject to a General Aggregate Limit of Insurance of $2,000,000 and a Products-Completed Operations Aggregate Limit of Insurance of $2,000,000. The CGL Coverage Section's insuring agreement provides, in pertinent part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . . .

    * * *

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

    c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. Of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, including any continuation, change or resumption of that "bodily injury" or "property damage"  after the end of the policy period."

    * * *

**SECTION V – DEFINITIONS**

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

17. **"**Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

## B. The Liability Claim

7. W&J executed a contract to perform work for Klean Corp. International ("Owner"). The initial foundation work was performed, by and through a subcontractor to W&J,

in 2013. The Owner occupied the building in November of 2013. Subsequently, the Owner complained about cracking in the foundation.

8. As a result of the cracking, the Owner retained Terracon in or about November of 2013 to perform an investigation. Terracon confirmed that the foundation was experiencing distress and cracking.

9. The Owner demanded that W&J repair the foundation. After the investigations were complete, in October of 2015, W&J decided to proceed with foundation repairs. Before doing so, however, W&J looked to Amerisure for coverage.

10. On January 11, 2016, Amerisure denied coverage for the repairs to the foundation on the basis that "there are no consequential damages to any other part of the building relative to the defective construction of the slab(s)." *See* **Exhibit "A."**

11. On October 7, 2016, W&J, through undersigned counsel, responded to the denial and asked Amerisure to reconsider in light of Texas law and precedent. *See* **Exhibit "B."**

12. On December 14, 2016, Amerisure renewed its denial of coverage. *See* **Exhibit "C."** In doing so, Amerisure's position is that the cracked slabs must damage other work before it can be considered "property damage" under Texas law.

C. <u>Coverage Exists for the Claims Asserted</u>

13. Texas law only requires that there be some physical alteration in appearance, form or character of tangible property for "property damage" to exist. No doubt exists that the slabs have experienced cracking and numerous cases exist establishing that "cracking" is "property damage." Amerisure's position that the slabs have to damage *other* non-defective work is inconsistent with prevailing Texas law, including authority from both this District and the Supreme Court of Texas.

14. The cracked slabs constitute "property damage" caused by an "occurrence" that occurred during the relevant policy period. Aside from the "property damage" issue, Amerisure has raised no other coverage defenses. To date, W&J has incurred in excess of $488,457.69 in repairing the damaged slabs. Amerisure has not provided any indemnity to W&J.

## IV.
## CAUSES OF ACTION

15. Each of the foregoing paragraphs is incorporated by reference in the following causes of action:

### A. Declaratory Relief

16. An actual controversy exists between W&J and Amerisure with respect to their rights and obligations under the Policy in connection with the cracked slabs. In particular, a dispute exists as to whether Amerisure is obligated to indemnify W&J for the repairs.

17. W&J seeks a declaration that, under the Policy, Amerisure has a duty to indemnify W&J for its repair costs.

### B. Breach of Contract

18. The Policy sets forth contractual obligations on the part of Amerisure, including the duty to indemnify against covered claims. Here, the claims against W&J involved "property damage" caused by an "occurrence" during the policy period and no exclusions applied to negate coverage. Accordingly, Amerisure had a duty to indemnify W&J.

19. Amerisure has breached the terms and provisions of the Policy by failing to indemnify W&J.

### C. **Attorneys' Fees**

20.     W&J engaged the undersigned counsel to prosecute this lawsuit against Amerisure and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

21.     W&J prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code.

## V. **CONDITIONS PRECEDENT**

22.     All conditions precedent to W&J's right to recover under the Policy have occurred, have been fully performed, have been waived by Amerisure, and/or Amerisure should be estopped from enforcing any condition precedent.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, W&J prays that, upon final hearing of the case, this Court declare and adjudge the contractual obligations of Amerisure, that this Court declare and adjudge that W&J recover all damages from and against Amerisure that it may reasonably establish by a preponderance of the evidence, and that this Court award attorneys' fees through trial and any appeal, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which W&J may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Lee H. Shidlofsky*
Lee H. Shidlofsky
State Bar No. 24002937
Southern District No. 22026
lee@shidlofskylaw.com
Douglas P. Skelley
State Bar No. 24056335
Southern District No. 903934
doug@shidlofskylaw.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

SHIDLOFSKY LAW FIRM PLLC
7200 N. Mopac Expressway, Suite 430
Austin, Texas 78731
Telephone: (512) 685-1400
Facsimile: (866) 232-8709